# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

**SUFFOLK, ss.**

| | |
|---|---|
| CHRISTIN RONZIO,<br><br>      Plaintiff,<br>v.<br><br>WILLIAMS LEA,<br><br>      Defendant. | **Civil Action No.**<br><br>E-FILED 4/23/2021 |

**COMPLAINT AND JURY DEMAND**

1. Plaintiff Christin Ronzio is an individual who resides at 162 Franklin Avenue, Chelsea Massachusetts 02150.

2. Defendant, Williams Lea is a New York based corporation with a principal place of business located at 620 Eighth Avenue, 10th FL, New York, NY 10018. Williams Lea is registered with the Massachusetts Secretary of State and has a registered agent at CT Corporation System, 155 Federal Street, Suite 700. Defendant operates its business within Massachusetts.

3. Jurisdiction of this Court is lawful and proper as Defendants are registered in Massachusetts, Defendants' unlawful acts occurred in Massachusetts, and Plaintiff resides in Massachusetts.

4. Venue in Suffolk County is lawful and proper as Plaintiff resides there.

5. Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on approximately June 3, 2020.

6. On March 19, 2021 the MCAD allowed Ms. Ronzio's request to withdraw her Charge to allow for filing in Superior Court.

7. Christin Ronzio was unlawfully terminated on April 25, 2020 by Williams Lea.

8. After serving as a dedicated and loyal employee for nearly 12 months, Ms. Ronzio was subjected to disparate treatment and discrimination, and was terminated 29 days after disclosing her pregnancy.

9. Ms. Ronzio was recruited to join Williams Lea in January 2019.

10. On January 5, 2019, Jennifer Rubacky, Talent Acquisition Lead, reached out to Ms. Ronzio directly and spent the next five months trying to convince her to leave a stable and valued job and join Williams Lea.

11. Ms. Ronzio was working as a Regional Sales Executive and was a top producer.

12. Ms. Ronzio had an established book of business and was recognized by her former company as a member of the President's Club.

13. Upon joining Williams Lea in May 2019 as Vice President of Business Development, Ms. Ronzio worked tirelessly to develop new leads and generate revenue for Williams Lea.

14. Over the course of the next eleven months, she secured more than ten high level meetings with "c-level" decision makers at national and international firms.

15. After months of developing leads, Ms. Ronzio signed a new client, Molinos USA Corp., which closed on April 22, 2020 and will generate revenue for Williams Lea for years to come.

16. Ms. Ronzio received no written warnings or progressive discipline for her job performance.

17. Ms. Ronzio was a high performer.

18. In March 2020, Ms. Ronzio learned that she was pregnant.

19. On March 26, 2020, Ms. Ronzio verbally disclosed the pregnancy to Karen Scimeca, the global head of human resources.

20. On March 30, 2020, Ms. Ronzio sent an email confirming the substance of this communication.

21. Ms. Scimeca responded on April 3, 2020 acknowledging the email.

22. As such, Williams Lea was put on notice of Ms. Ronzio's pregnant status as of March 26, 2020.

23. Ms. Ronzio continued to perform and would be able to perform each and every function required of her job, as noted by her physician.

24. On April 2, 2020, Ms. Ronzio was notified that her salary would be reduced by 15% due to the global COVID-19 pandemic.

25. It was not clear if such a salary reduction was applied to other similarly situated employees.

26. Ms. Ronzio went on performing her job as V.P. of Business Development, just as she had been for the past 11 months.

27. On April 24, 2020, just 29 days after reporting to Williams Lea that she was pregnant, Jennifer Hayden of Human Resources called Ms. Ronzio and informed her that "her position was being eliminated."

28. At least, two similarly situated male employees, Scott Incognito and Griffin Maloney, were retained.

29. Mr. Incognito and Mr. Maloney are also V.P.'s of business development and perform the same job as Ms. Ronzio.

30. The only difference is that they are male and were not pregnant.

31. Since her termination, Williams Lea has not provided Ms. Ronzio with earned "PTO" (Paid Time Off) that has accrued.

32. Ms. Ronzio has also not been paid her duly earned commission for sales closed during her employment.

### Mass. Gen Law. c. 151B § 4 Sex/Pregnancy Discrimination
### v. Williams Lea
### Count I

33. Plaintiff repeats the allegations set forth above as if fully contained herein.

34. Takeda terminated Ms. Ronzio because of her pregnancy.

35. This is in direct violation of M.G.L. c. 151B § 4's prohibition against pregnancy discrimination.

36. Ms. Ronzio was pregnant.

37. Ms. Ronzio's job performance had been satisfactory.

38. Defendant nonetheless dismissed Ms. Ronzio from her position.

39. Defendant chose to retain two similarly situated, white males, instead of retaining Ms. Ronzio.

40. Ms. Ronzio's duties were subsequently performed by a less qualified individual.

41. Ms. Ronzio has suffered economic damages including both front and back pay, emotional distress, out of pocket expenses, and attorney fees.

42. Ms. Ronzio is further entitled to punitive damages because of the Defendants' conduct.

**Prayers for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court grant her the following relief:

A. Enter judgment in her favor and against the Defendant on all counts of the complaint;

B. Award damages to Plaintiff in an amount determined by the Court;

C. Treble such amount as provided for in M.G.L. c. 151B § 9, and award interest, costs, and attorneys' fees to Plaintiff;

D. Grant such other and further relief, as the Court deems proper including but not limited to punitive and liquidated damages.

**Jury Demand**

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Respectfully submitted,

Christin Ronzio,

By her attorneys,

_/s/ Jeffrey M. Simons_  
Jeffrey M. Simons (BBO# 688665)  
FOGELMAN LAW, LLC  
189 Wells Avenue  
Newton, MA 02459  
617-393-7602  
jms@fogelmanlawfirm.com

_/s/ Mark A. Cashman_  
Mark A. Cashman (BBO# 687800)  
Sweeney Merrigan Law, LLP  
268 Summer Street, LL  
Boston, Massachusetts 02210  
617-391-9001  
mark@sweeneymerrigan.com

Dated: April 23, 2021

5

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts
The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| **PLAINTIFF(S):** Christin Ronzio | | **COUNTY** Suffolk |
| ADDRESS: 162 Franklin Avenue, Chelsea, MA 02150 | | E-FILED 4/23/2021 |
| | **DEFENDANT(S):** Williams Lea | |
| **ATTORNEY:** Jeffrey M. Simons and Mark A. Cashman | | |
| ADDRESS: | ADDRESS: | Williams Lea, 620 Eight Avenue, 10th FL, New York, NY 10018 |
| Jeffrey M. Simons, Fogelman Law, 189 Wells Ave., Ste. 302, Newton, MA 02459 | | |
| Mark A. Cashman, Sweeney Merrigan Law, LLP, 268 Summer Street, LLP, Boston, MA 02210 | | |
| BBO: Simons: 688665; Cashman: 687800 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES   [ ] NO |

*If "Other" please describe:

**Is there a claim under G.L. c. 93A?**   [ ] YES   [X] NO

**Is this a class action under Mass. R. Civ. P. 23?**   [ ] YES   [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................................. $_____
  2. Total doctor expenses ............................................................................................................. $_____
  3. Total chiropractic expenses ..................................................................................................... $_____
  4. Total physical therapy expenses .............................................................................................. $_____
  5. Total other expenses (describe below) ................................................................................... $_____
  Subtotal (A): $_____
B. Documented lost wages and compensation to date ................................................................... $tbd
C. Documented property damages to date ..................................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses .................................................. $_____
E. Reasonably anticipated lost wages ............................................................................................ $_____
F. Other documented items of damages (describe below) ............................................................. $apx 2 million
Lost wages, emotional distress, attorney fees and punitive damages

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff was unlawfully terminated. She was earning appx $165k at the time of her termination. She is also owed commissions and wages.

TOTAL (A-F):$_____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X *Jeffrey M. Simons*   Date: 4.23.21

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X *Jeffrey M. Simons*   Date: 4.23.21

4

Commonwealth of Massachusetts

SUPERIOR COURT
CIVIL CLERK'S OFFICE
2021 JUN -1 P 1:29
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2184CV00944

Christin Ronzio , PLAINTIFF(S),

v.

Williams LEA , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO **Williams LEA** . (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk County Superior** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, **Suffolk Superior** Court, **3 Pemberton Sq. Boston, MA 02108** (address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: **189 Wells Ave, Suite 302 Newton, MA 02459**.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request a jury trial** in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___MAY 24,___, 20_21_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)): BY GIVING IN HAND TO MR. ROSS DiPENA OF CT CORPORATION SERVICE COMPANY, AGENT. SAID SERVICE WAS MADE AT 155 FEDERAL STREET, BOSTON, MA. ALSO SERVED WAS THE MOTION FOR A SPECIAL PROCESS SERVER.

Dated: MAY 24,    , 20 21        Signature: *Burton M. Malkofsky*
                                  CONSTABLE, MASS. RULE 4C

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

MAY 24, 2021